IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JATAVISA JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-080 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a pre-trial detainee at the Charles B. Webster Detention Center in Augusta, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

### I.   BACKGROUND

According to the petition and publicly available records, Petitioner was charged by indictment dated September 4, 2018, with malice murder, felony murder, criminal attempt to commit a felony, aggravated assault, and two counts of possession of a firearm during commission of a felony. State v. Jones, Case No. 2018RCCR01134 (Richmond Cty. Sup. Ct. Sept. 4, 2018), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink;

then search "Jones, Jatavisa" last visited June 10, 2019).[1]  Attorney Cameron Macke represents Petitioner in his state court proceedings. Id.  Petitioner has filed numerous letters with the court in his state court proceedings in addition to submitting, *pro se*, a "Demurrer and Motion to Dismiss Indictment" and a "Motion to Quash Indictment/Motion to Require Proof that Indictment Was Returned In Open Court . . . ." Id.; (see also doc. no. 1-1, pp. 3-5, 8.)  Although Petitioner claims the state court resolved these motions, the docket does not reflect final resolution of these issues.  (Doc. no. 1, pp. 2-3); Jones, Case No. 2018RCCR01134.  The matter is currently set for the June 10, 2019 jury trial calendar.  See Jones, Case No. 2018RCCR01134.

Petitioner also filed a state habeas corpus petition *pro se* on May 2, 2019, in Richmond County.  Jones v. Roundtree, Case No. 2019RCHM00012 (Richmond Cty. Sup. Ct. May 2, 2019), *available at* http://coc.augustaga.gov (follow "Civil Search" hyperlink; then search "Jones, Jatavisa" last visited June 10, 2019).  Petitioner states he raised the same issues in the present federal petition and his state habeas petition.  (Doc. no. 1, p. 6.)  Sheriff Roundtree, through counsel, responded to Petitioner's state petition on May 14, 2019, and, despite Petitioner's assertion to the contrary, the docket indicates the court has not ruled on his state habeas petition.  Jones, Case No. 2019 RCHM00012; (doc. no. 1, p. 3; doc. no. 1-1, pp. 19-21).

In his federal petition dated May 23, 2019, and filed May 28, 2019, Petitioner raises multiple claims regarding the grand jury proceedings resulting in his indictment and the

---

[1] See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining court may take judicial notice of another court's record to establish existence of ongoing litigation and related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.")

resultant "bad faith prosecution."  (Doc. no. 1, p. 6.)

## II.     DISCUSSION

### A.     Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case).  "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process."  Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted).  Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies."  Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceedings.  Indeed, based on the Court's review of the relevant state dockets, Petitioner has two pending motions in his criminal case raising issues regarding the grand jury proceedings that led to his indictment and raises similar issues in his pending state habeas petition.  Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the

validity of his indictment.  See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B. Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution.  The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)).  There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although Petitioner claims most generally he is the victim of a bad faith prosecution, he fails to make "substantial allegations" with evidentiary support that his state prosecution is motivated by bad faith.  See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without intention of obtaining conviction or for harassment).  Nor has Petitioner made any viable allegation of irreparable injury.  See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against

4

whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Finally, Petitioner's ongoing state prosecution provides an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of June, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA